**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6006**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALONZO SWINTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (3:06-cr-00119-CMC-1)

Submitted:  April 18, 2012        Decided:  April 26, 2012

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Alonzo Swinton, Appellant Pro Se.  Robert Claude Jendron, Jr.,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alonzo Swinton seeks to appeal the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for sentence reduction. In criminal cases, a defendant must file his notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4).

The district court entered its order denying § 3582 relief on December 8, 2010. The appeal and excusable neglect periods expired on January 21, 2011. Swinton filed a pro se notice of appeal, at the earliest, on December 19, 2011,[1] eleven months after the appeal period and excusable neglect periods expired. Because Swinton failed to file a timely notice of appeal or obtain an extension of the appeal period, we dismiss the appeal.[2] We dispense with oral argument because the facts

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] We note that the appeal period in a criminal case is not a jurisdictional provision but rather a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209–14 (2007); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Swinton's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. See United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008). In any event, Swinton's informal brief does not challenge the basis for the district
(Continued)

2

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

court's disposition.  <u>See</u> 4th Cir. R. 34(b) (limiting review to issues raised in informal brief).